Ramona ANDERSON, Plaintiff,

v.

CONTINENTAL CASUALTY COMPA-
NY; Reliance Insurance Company
Business Travel Accident Plan, Defen-
dants.

No. S–03–145–LKK/JF.

United States District Court,
E.D. California.

April 22, 2003.

Douglas K DeVries, Mart and deVries,
Sacramento, CA, Robert K Scott, Law Of-
fices of Robert K Scott, Newport Beach,
CA, for plaintiff.

Margie R Lariviere, Kelly Herlihy and Klein, San Francisco, CA, for defendants.

## ORDER

KARLTON, Senior District Judge.

Plaintiff brings suit under ERISA for benefits provided for by the Reliance Insurance Company Business Travel Accident Plan. The matter is before the court on defendant Continental Casualty Company's motion to dismiss for failure to state a claim. I decide the matter on the pleadings and papers on file therein and after a hearing.

## I.

## FACTUAL ALLEGATIONS

Plaintiff worked for Reliance Insurance Company and was covered by its Business Travel Accident Plan ("Plan"), which both parties concede is governed by ERISA. The Plan was established and maintained through the purchase of an insurance policy from defendant and movant in this case, Continental Casualty Company ("CCC"). On September 30, 1998, plaintiff allegedly suffered a fall resulting in severe injuries to her back and left ankle. On November 3, 2000, plaintiff claims that she stopped work due to a total disability resulting from her slip and fall. Finally, on October 16, 2001, plaintiff filed a claim for disability benefits.

CCC purportedly denied plaintiff's claim based on a policy provision that required the period of total disability to begin within 365 days after the date of the accident. Plaintiff's alleged total disability, with an alleged onset date of November 3, 2000, was more than a year too late according to the Plan.

## II.

## DISMISSAL STANDARDS UNDER FED. R. CIV. P. 12(b)(6)

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL–CIO v. Schermerhorn*, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. *See id.; see also Wheeldin v. Wheeler*, 373 U.S. 647, 648, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## III.

## ANALYSIS

Plaintiff alleges that her claim for benefits was wrongly denied because defendant CCC did not apply California's process of nature rule, which states:

> [W]ithin the meaning of policy provisions requiring disability within a specified time after the accident, the onset of disability relates back to the time of the accident itself whenever the disability arises directly from the accident "within such time as the process of nature consumes in bringing the person affected to a state of total (disability)."[citation].

*Willden v. Washington National Ins. Co.*, 18 Cal.3d 631, 635, 135 Cal.Rptr. 69, 557 P.2d 501 (1976). Defendant CCC argues that the plaintiff has failed to state a claim upon which relief can be granted because ERISA preempts California's process of nature rule. Defendant also contends that, in any event, it did not abuse its discretion by declining to apply the process of nature rule.

## A. STANDARD OF REVIEW OF THE DENIAL OF BENEFITS

■ As an initial matter, I note that it does not matter whether this court reviews defendant's denial of plaintiff's claim *de novo* or for abuse of discretion. Even under the more limited abuse of discretion standard, if the CCC legally erred by not applying the process of nature rule, such an error would constitute an abuse of discretion. *See Bergt v. Retirement Plan for Pilots Employed by Markair*, 293 F.3d 1139, 1146 (9th Cir.2002)(citing *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996))(an error of law is an abuse of discretion); *see also Koon*, 518 U.S. at 100, 116 S.Ct. 2035 (an abuse-of-discretion standard does not mean a mistake of law is beyond correction by the reviewing court). Thus, I turn to the question of whether the process of nature rule is preempted by ERISA.

## B. ERISA PREEMPTION

■ ERISA contains a preemption provision that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). The Supreme Court has explained that a state law is deemed to relate to employee benefit plans if it has "a connection with or reference to such a plan." *Shaw v. Delta Air Lines*, 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (citing Black's Law Dictionary 1158 (5th ed. 1979) ("Relate. To stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with")). It is irrelevant whether the law is aimed at employee benefit plans, or whether it is a law of general applicability. *See Shaw*, 463 U.S. at 98, 103 S.Ct. 2890. Rather, "relate to" should be read in a broad sense. *See id.*

Here, plaintiff does not argue that the process of nature rule does not relate to employee benefit plans under the meaning of § 1144(a). Further, given Ninth Circuit case law, it would be a difficult argument to make. In *McClure v. Life Ins. Co. of North America*, 84 F.3d 1129 (9th Cir. 1996), the Ninth Circuit considered the application of California's process of nature rule in an ERISA case. There, the Circuit apparently assumed that the rule was one which "related to" employee benefit plans, as it considered whether the rule was preempted or saved by the insurance saving clause. *See id.* at 1133. Thus, I also assume that the rule relates to employee benefit plans within the meaning of ERISA's preemption provision, and proceed to consider whether it is excepted from preemption.

## C. SAVING CLAUSE

■ Despite the breadth of the preemption clause, it is followed by a saving clause, which "then reclaims a substantial amount of ground with its provision that 'nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.'" *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 122 S.Ct. 2151, 2159, 153 L.Ed.2d 375 (2002)(quoting 29 U.S.C. § 1144(b)(2)(A)). State law may provide the rule of decision in ERISA cases if it is covered by the saving clause. *See UNUM Ins. Co. of America v. Ward,* 526 U.S. 358, 376–77, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). Here, the plaintiff can state a claim upon which relief can be granted if California's process of nature rule falls within the saving clause.

Although, as already noted, the Ninth Circuit once considered an ERISA case dealing with the process of nature rule, the Circuit has never determined whether the rule was covered by the saving clause or not. Rather, in *McClure, supra,* the court determined that the insured could have survived summary judgment on another basis, affirming the district court on reasons other than those relied on by the district court. Thus, this court must look to the principles applied in saving clause cases to determine whether the process of nature rule is covered by the saving clause.

Discussing the reach of the saving clause in light of the preemption clause, the Supreme Court once observed, "The 'unhelpful' drafting of these antiphonal clauses, [citation], occupies a substantial share of this Court's time...." *Rush,* 122 S.Ct. at 2159. Indeed, saving clause law has developed a great deal over recent years. In the Ninth Circuit, the Court of Appeals developed a rule that a law is not one "which regulates insurance, banking, or securities" within the meaning of the savings clause if it is merely a "'law[ ] of insurance policy interpretation.'" *McClure,* 84 F.3d at 1133 (quoting *Evans v. Safeco Life Ins. Co.,* 916 F.2d 1437, 1440 (9th Cir.1990)). With time, however, it became increasingly clear that, whether a law was one of interpretation, as opposed to regulation, was not a straightforward inquiry. Certainly it was not straightforward where the process of nature rule was concerned, as the Ninth Circuit went out of its way to avoid that question in *McClure, supra.* Further, in determining whether a law regulated insurance, the Supreme Court's developing saving clause jurisprudence utilized factors which had no relation to the Ninth Circuit's interpretation/regulation distinction. Thus, while technically retaining the interpretation/regulation distinction, the Ninth Circuit has looked to the Supreme Court's factors to determine whether a law is a regulation of insurance, as opposed to a law of interpretation. *See, e.g., Security Life Ins. Co. of America v. Meyling,* 146 F.3d 1184, 1188–89 (9th Cir. 1998). Because the Ninth Circuit ultimately must look to the Supreme Court's factors, its interpretation/regulation distinction adds nothing to the Supreme Court's saving clause jurisprudence, to which I now turn.

■ The Supreme Court's test for whether a law is a regulation of insurance under the saving clause has been most recently clarified and revised in *Kentucky Ass'n of Health Plans, Inc. v. Miller,* ── U.S. ──, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003). The test is twofold. First, the law must be "specifically directed toward the insurance industry...." *Kentucky* at 1478. Second, it "must substantially affect the risk pooling arrangement between the insurer and the insured." *Id.* I discuss these factors with respect to the process of nature rule as follows.

The first prong of the *Kentucky* test is one that the Court established early in its saving clause jurisprudence. *See id.* at 1474. The *Kentucky* Court emphasized that, in undertaking this inquiry, "ERISA's savings clause does not require that a state law regulate 'insurance *companies*' or even '*the business of insurance*' to be saved from preemption; it need only be a 'law ... which regulates *insurance*.'" *Id.* at 1475 n. 1 (citing 29 U.S.C. § 1144(b)(2)(A) (emphasis in the original)).

The Court discussed the requirement that the law be specifically directed toward the insurance industry extensively in *UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 367–68, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). There, the Court concluded that California's notice-prejudice rule satisfied this requirement. The Court observed that the notice-prejudice rule, under which an insurer would have to show it was prejudiced by an untimely proof of claim before it could avoid liability on that basis, was not a general contract "principle a court may pliably employ when circumstances so warrant." *Id.* at 371, 119 S.Ct. 1380. Rather, the court noted, it was an "insurance-specific" rule that, "as a matter of law, failure to abide by a contractual time condition does not work a forfeiture absent prejudice." *Id.*

■ Likewise, the process of nature rule at issue in this case is specifically directed toward the insurance industry. As the California Supreme Court explained, California's process of nature rule was first "created by judicial decision in other states in response to the efforts of insurers to enforce arbitrary limitations on coverage...." *Willden v. Washington National Ins. Co.*, 18 Cal.3d 631, 635, 135 Cal.Rptr. 69, 557 P.2d 501 (1976). Thus, it cannot be said to merely be an extension of general contract interpretation principles. Moreover, so far as the court is aware, there are no California decisions in

which the process of nature rule has been applied outside of the context of insurance policies. Rather, as one California Court of Appeal noted in its 1981 decision, the rule had "thus far been limited to disability policies in California." *National Life & Accident Ins. Co. v. Edwards*, 119 Cal. App.3d 326, 332, 174 Cal.Rptr. 31 (1981). In *National Life*, the Court of Appeal did extend the process of nature rule, but only within the insurance context to apply to a life insurance policy. *See id.* In light of all this, it is clear that the process of nature rule is specifically directed toward the insurance industry.

The second prong of the *Kentucky* test is a departure from previous case law. Rather than borrowing from case law interpreting the McCarran–Ferguson Act, as courts had done in previous ERISA cases, the *Kentucky* court has now tailored the test to ERISA. It explained:

While the Ninth Circuit concluded in *Cisneros v. UNUM Life Ins. Co.*, 134 F.3d 939, 945–46 (1998), aff'd in part, rev'd and remanded in part, *UNUM Life Ins. Co. of America v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999), that "the notice-prejudice rule does not spread the policyholder's risk within the meaning of the first McCarran–Ferguson factor," our test requires only that the state law substantially *affect* the risk pooling arrangement between the insurer and the insured; it does not require that the state law actually spread risk.

*See Kentucky* at 1477 n. 3 (emphasis in the original). The Court went on to observe that the notice-prejudice rule that had been at issue in *UNUM*, under which an insurer would have to show it was prejudiced by an untimely proof of claim before it could avoid liability on that basis, substantially affected the risk pooling arrangement. "[T]he notice-prejudice rule,"

1132

explained the Court, "governs whether or not an insurance company must cover claims submitted late, which dictates to the insurance company the conditions under which it must pay for the risk that it has assumed." *Id.*

The process of nature rule, like the notice-prejudice rule, can also be said to "dictate[ ] to the insurance company conditions under which it must pay for the risk that it has assumed." *Id.* In effect, it imposes liability for a disability on the insurer so long as the disability followed directly from the accident within such time as the process of nature would take, despite policy provisions requiring disability within a specified time after the accident. Like the notice-prejudice rule, the process of nature rule substantially affects the risk pooling arrangement between the insurer and the insured.

Because the process of nature rule is specifically directed toward the insurance industry and substantially affects the risk pooling arrangement, it is saved from preemption by the insurance saving clause and provides the rule of decision under ERISA. Plaintiff's claim that the defendant should have applied this rule is one upon which relief can be granted.

## IV.

## CONCLUSION

Based on the foregoing, the defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.